```
NA5JDIAA
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                        23 Cr. 484 (RMB)

ROBERT DIAZ,

                                 Arraignment
            Defendant.

------------------------------x

                                New York, N.Y.
                                October 5, 2023
                                11:30 a.m.

Before:

                HON. RICHARD M. BERMAN,

                              District Judge

                    APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
LISA DANIELS
ADAM SOWLATI
    Assistant United States Attorneys

DAVID PATTON
FEDERAL DEFENDERS OF NEW YORK, INC.
    Attorney for Defendant
BY:  HANNAH McCREA

1            (Case called)
2            THE COURT:  So I understand that there's been a
3    presentment in this case but not an arraignment; is that
4    correct?
5            MS. MCCREA:  I believe it is an arraignment.
6            THE COURT:  Was there an arraignment?
7            MS. DANIELS:  We're here today for the arraignment.
8    The presentment was yesterday.
9            THE COURT:  Okay.  So the question is to defense
10   counsel and to the defendant, whether you both, starting with
11   defense counsel, have you received a copy of the indictment in
12   this case?
13           MS. MCCREA:  Yes, your Honor.
14           And if I could just make a record, Hannah McCrea for
15   Mr. Diaz with Federal Defenders.  I'm standing in for my
16   colleague, for Mr. Kaminsky.
17           I received a copy of the indictment.  Mr. Diaz and
18   Mr. Kaminsky were able to review it yesterday.  I was present.
19           THE COURT:  Mr. Diaz, you've gone over that indictment
20   with your attorney?
21           THE DEFENDANT:  Yes, sir.
22           THE COURT:  Okay.  Did you want me to read it at this
23   point in time or do you waive a public reading?
24           THE DEFENDANT:  No, sir.  I waive.
25           THE COURT:  Okay.  Counsel, is that okay with you too?

NA5JDIAA

1           MS. MCCREA:  Yes, your Honor.  Thank you.
2           THE COURT:  And what plea, counsel, is Mr. Diaz
3    entering?
4           MS. MCCREA:  Not guilty.
5           THE COURT:  Not guilty?
6           MS. MCCREA:  Correct.
7           THE COURT:  Is that right, Mr. Diaz?  You're pleading
8    not guilty in the case?
9           THE DEFENDANT:  Yes, sir.
10          THE COURT:  Okay.  So where do you think things are
11   headed and in what timeframe between the government and defense
12   counsel?
13          MS. DANIELS:  Lisa Daniels for the government, and I'm
14   joined by my colleague Adam Sowlati.
15          The government will begin producing discovery
16   forthwith.  The discovery in this case consists of evidence
17   related to two separate assaults and robberies of postal
18   carriers.  Those offenses occurred on June 28 of 2022 and
19   July 8 of 2022.
20          The discovery includes video taken by one of those
21   victims, the victim of the July 28 theft, as the defendant
22   fled, surveillance video of the defendant fleeing that same
23   assault and robbery, body camera footage of NYPD responding to
24   the scene, testimony and statements of that victim, screenshots
25   of social media showing the defendant in the same clothing as

1  the surveillance video of the perpetrator fleeing the June 28
2  theft.
3  　　　　　There have been a number of search warrants in this
4  investigation so far.  Those include, with respect to the
5  June 28 assault and robbery, two cell site location data
6  warrants and a warrant for social media including from Facebook
7  and Instagram.  So the discovery will include the returns from
8  those warrants including cell site location data and call
9  detail records.  There are also grand jury subpoena returns
10 including from entities such as Google, Meta, T-Mobile,
11 TD Bank, NYPD records; in addition, with respect to the July 8
12 robbery, video and photographs related to that offense, again,
13 police reports and records, 911 call records.  With respect to
14 that offense, there is a cell tower warrant and the returns
15 from that warrant.  In addition, there are DNA records of DNA
16 taken from the July 8 offense victim's clothing and the results
17 of that DNA testing which match the defendant's DNA.
18 　　　　　The government anticipates, as I said, producing the
19 discovery forthwith and perhaps on a rolling basis, but we
20 anticipate having substantially completed production of
21 discovery in about two weeks, by approximately October 20 of
22 2023.  Any discovery that comes in the government's possession
23 thereafter we will produce on a rolling basis.
24 　　　　　THE COURT:  Okay.  And defense counsel, what would you
25 suggest is our next stop in this case?  A date, for example?

1         MS. MCCREA:  Your Honor, I believe Mr. Kaminsky
2    confirmed with the government yesterday.  We're looking for a
3    date in early December to come back.  We anticipate that will
4    be enough time to review the government's production.
5         THE COURT:  How about 12:30 on December 11?  Does that
6    work for all of you?
7         MS. MCCREA:  That works for us.
8         MS. DANIELS:  That works for the government.
9         THE COURT:  Is there a speedy trial issue or
10   application that takes us to December 11?
11        MS. DANIELS:  Yes, your Honor.
12        The government moves for an exclusion of time between
13   today's date and the next scheduled conference on December 11
14   to permit the parties to review and produce discovery and
15   potentially engage in discussions regarding a pretrial
16   resolution of this matter.  The government submits that an
17   exclusion of time is in the interest of justice here.
18        MS. MCCREA:  No objection, Your Honor.
19        THE COURT:  I'm going to find under 18, United States
20   Code, Section 3161, that the request for adjournment to and
21   including December 11, 2023, joined in by both the defense and
22   the government, is appropriate and warrants exclusion of the
23   adjourned time from speedy trial calculations.  I further find
24   that the exclusion is designed to prevent any possible
25   miscarriage of justice, to facilitate these proceedings, to

1  guarantee effective representation of and preparation by
2  counsel for both parties and, thus, the need for exclusion in
3  the ends of justice outweigh the interests of the public and
4  the defendant in a speedy trial, pursuant to 18 U.S.C., Section
5  3161(h)(7)(A) and B.
6             So unless there is anything else from defense or the
7  government, we can be adjourned for today.
8             MS. DANIELS:  Nothing further from the government.
9  Thank you, your Honor.
10            MS. MCCREA:  Nothing from the defense.
11            THE COURT:  Good to see you all.  Thanks a lot.
12            (Adjourned)